# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | : | |
| Plaintiff, | : | |
|  | : | CIVIL ACTION |
| v. | : | |
|  | : | NO. 07-3850 |
| 4326 KURZ, LTD., d/b/a PITCHERS PUB, | : | |
| a/k/a PITCHER'S PUB et al., | : | |
| Defendants. | : | |
|  | : | |

## Memorandum and Order

YOHN, J.                                                             October ____, 2008

Currently pending before the court is a motion to dismiss plaintiff's Amended Complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim filed by

defendants 4326 Kurz, Ltd.; Jeff Kurz; and Melissa Kurz.  For the reasons discussed herein,

defendants' motion will be granted in part and denied in part.

## I.     Factual and Procedural Background

Plaintiff's Amended Complaint makes the following allegations, which this court must

accept as true for purposes of the motion to dismiss.  Plaintiff had the contractual right to

distribute a boxing match between Miguel Cotto and Zab Judah ("the fight"), including all

undercard bouts and the entire television broadcast, on June 9, 2007.  (Am. Compl. ¶ 17.)  The

event originated via satellite uplink and was subsequently retransmitted to cable systems and

satellite companies via a satellite signal.  (*Id.*)  Pursuant to its contract to distribute, plaintiff

entered into subsequent agreements with businesses in Pennsylvania to allow them to publicly

exhibit the fight to their patrons.  (*Id.* ¶ 18.)

Defendants Jeff Kurz and Melissa Kurz are the principals of defendant 4326 Kurz, Ltd., which does business as Pitcher's Pub or Pitchers Pub.  (*Id.* ¶ 9.)  Pitcher's Pub is a business in Philadelphia, Pennsylvania.  (*Id.* ¶ 12.)  Defendants knew that the fight was not to be received and exhibited by unauthorized entities, and even though they did not have a contract or agreement to publicly exhibit the fight, they willfully and unlawfully intercepted or received and exhibited the fight at Pitcher's Pub on June 9, 2007 for purposes of commercial advantage or private financial gain.  (*Id.* ¶ 20.)  The individual defendants had supervisory capacity and control over the activities that took place within Pitcher's Pub on June 9, 2007, and they received a financial benefit from the operations of the business on that night.  (*Id.* ¶ 10-11.)

Plaintiff acknowledges that it is unable to determine the manner in which defendants obtained the fight programming but alleges that defendants illegally intercepted the signal via satellite or via cable.  (*Id.* ¶ 21.)  Plaintiff alleges that defendants "used an illegal satellite receiver, intercepted plaintiff's signal and/or used a device to intercept plaintiff's broadcast which originated via satellite uplink and then re-transmitted [it] via satellite or microwave signal to various cable and satellite systems" for purposes of commercial advantage or a private financial gain.  (*Id.*¶¶ 20-21.)  Alternatively, plaintiff alleges that defendants, knowing that the fight was transmitted over a cable television system and that it was not to be received and exhibited by unauthorized entities, willfully intercepted the cable signal and exhibited the fight at Pitcher's Pub at the time of its transmission for purposes of commercial advantage or private financial gain.  (*Id.* ¶¶ 34, 36.)  Defendants also may have misrepresented their business as a residence or taken a legitimate receiver from a residence and used it in the business in order to

2

intercept plaintiff's broadcast. (*Id.* ¶ 21.)  Additionally, plaintiff alleges that defendants "knowingly[] modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity." (*Id.* ¶ 28.)

Plaintiff filed this lawsuit on September 13, 2007 against Donna Barbara and 4326 Kurz, Ltd., alleging violations of the Cable Communications Policy Act of 1984.  The Clerk of the court entered a default judgment against Barbara on December 10, 2007 pursuant to Federal Rule of Civil Procedure 55(a) for failure to appear, plead, or otherwise defend against the lawsuit. Plaintiff then filed an Amended Complaint on February 6, 2008, against Barbara; 4326 Kurtz, Ltd.; Jeff Kurz; and Melissa Kurz.  On February 20, 2008, plaintiff filed a notice of dismissal of Barbara pursuant to Rule 41(a)(2), and the court entered an order dismissing Barbara as a party to this lawsuit without prejudice on February 21, 2008.  At plaintiff's request, the Clerk of the court entered a default judgment pursuant to Rule 55(a) against the remaining defendants on April 9, 2008.  On April 18, 2008, defendants filed a motion to vacate the Clerk's second entry of default judgment.  On April 25, 2008, after the parties filed a stipulation thereto, the court vacated the second entry of default judgment.  Defendants then filed a motion to dismiss plaintiff's Amended Complaint pursuant to Rule 12(b)(6).  Plaintiff filed a response in opposition thereto and defendants filed a reply.

## II.    Legal Standard

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. *Johnsrud v. Carter*, 620 F.2d 29, 33 (3d Cir.1980) (citation omitted).  When

evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and any reasonable inferences that may be drawn therefrom must be viewed in the light most favorable to the plaintiff.  *See Phillips v. County of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996).

The complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Phillips*, 515 F.3d at 234 (reasoning that the notice pleading standard encompasses the concept of a "showing," which "requires only notice of a claim and its grounds").  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 127 S. Ct. at 1964 (citations and alterations omitted).  Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 1965 (citations omitted); *see also Phillips*, 515 F.3d at 234-35.

III.   **Discussion**

   A.     **Count I:  47 U.S.C. § 605(a) Claim and Count III:  47 U.S.C. § 553 Claim**

In Count I, plaintiff asserts a claim under 47 U.S.C. § 605(a), which provides in relevant part:

No person not being authorized by the sender shall intercept any radio

communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person.  No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

Plaintiff also alleges in Count III a claim under 47 U.S.C. § 553(a)(1), which provides that "[n]o person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

Defendants seek to have plaintiff's claims under both statutes dismissed on the ground that plaintiff fails to specifically allege how defendants intercepted the fight—either via satellite or via cable.[1]  They also contend that under Third Circuit precedent, plaintiff can only assert a claim under § 605 or under § 553, but not under both, and both of plaintiff's claims should therefore be dismissed.

As defendants correctly note, the Third Circuit has stated that plaintiffs may not recover under both § 605 and § 553 because they apply to different signal types.  In *TKR Cable Co. v. Cable City Corp.*, 267 F.3d 196 (3d Cir. 2001), the Third Circuit analyzed the legislative history of the statutes and the court concluded "that § 605 encompasses the interception of satellite transmissions 'to the extent reception or interception occurs prior to or not in connection with,

---

[1] Defendants further contend that plaintiff cannot assert that an individual homeowner's use of the fight was for purposes of commercial advantage or private financial gain because there is no evidence to support such a claim.  Defendants are incorrect.  This is a motion to dismiss, so the evidence that plaintiff has is not relevant; the factual allegations in the Amended Complaint, and whether they give defendants notice of the claims against them, are relevant.  Moreover, an individual homeowner's exhibition of the fight in his home is irrelevant to plaintiff's claims because plaintiff asserts that defendants exhibited the fight at their sports bar and the lawsuit is against the individual defendants because they are the principals of 4326 Kurz, Ltd., not because they are homeowners.

distribution of the service over a cable system,' and no more." *Id.* at 207 (quoting H.R. Rep. No. 98-934, at 83 (1984), *reprinted in* 1984 U.S.C.C.A.N. at 4720).  It further concluded that "[o]nce a satellite transmission reaches a cable system's wire distribution phase, it is subject to § 553 and is no longer within the purview of § 605." *Id.*  Thus, § 605 and § 553 provide alternative forms of relief depending on how the interception takes place; relief under § 605 is available if there is an interception of satellite transmissions, and relief under § 553 is available if there is an interception of the transmissions after they reach the cable system.

Plaintiff concedes that at the time it filed the Amended Complaint, it was not able to ascertain whether defendants intercepted the fight via satellite or via cable but asserts that it is entitled to discovery to determine which method defendants used to descramble the signal and, therefore, which statute is applicable here.  Although the Third Circuit's conclusions in *TKR* make it clear that plaintiff will not ultimately be able to recover under both § 605 and § 553, plaintiff is entitled to plead alternative theories of liability for purposes of discovery.  *See* Fed. R. Civ. P. 8(d)(2) ("A party may set out 2 or more statements of a claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones.").

Contrary to defendant's assertions, plaintiff has sufficiently alleged claims under both statutes.  In its Amended Complaint, plaintiff alleges that it had a contract to distribute the broadcast of the fight and that it entered into agreements with Pennsylvania businesses to publicly show the fight.  (Am. Compl. ¶¶ 17-18.)  Plaintiff further alleges that defendants did not have a contract or authorization to show the fight at Pitcher's Pub, and knowing that unauthorized entities could not exhibit the fight, defendants willfully intercepted, received, or descrambled the fight and showed it at their business.  Plaintiff further asserts that defendants

6

either illegally obtained the broadcast of the fight via satellite or via a cable television system and

showed the fight at Pitcher's Pub for commercial advantage or private financial gain.  (*Id.* ¶¶ 20-

21, 34, 36.)[2]  Thus, plaintiff has adequately put defendants on notice that it is pursuing a claim

under § 605 or § 553 for defendants' knowingly, willfully, and unlawfully intercepting the fight

on June 9, 2007 either by satellite or by cable and for exhibiting the fight for purposes of

commercial advantage or private financial gain.  Because plaintiff's complaint provides

defendant fair notice of plaintiff's claims under Counts I and III, defendants' motion to dismiss

Counts I and III will be denied.[3]  *Accord Kingvision Pay-Per View Corp., Ltd. v. Sir Richards,*

*Inc.*, No. 03-1576, 2003 U.S Dist. LEXIS 9735, at *6-9 (E.D. Pa. May 6, 2003).[4]

---

[2] In their reply brief, defendants note that the Amended Complaint does not allege whether there was a cover charge to enter the bar on the night of the fight, the number of people present at the bar during the fight, and the number of television sets exhibiting the fight. Defendants contend that plaintiff probably had this information prior to filing the lawsuit and should have included these allegations in the Amended Complaint.  It is not clear whether plaintiff had this information, but for purposes of a motion to dismiss, it is not relevant because the Rule 8 pleading "standard does not require 'detailed factual allegations.'"  *See Phillips*, 515 F.3d at 231 (quoting *Twombly*, 127 S. Ct. at 1964).

[3] Defendants note that in *J&J Sports Prods., Inc. v. Munguti*, No. 06-1282, 2007 WL 928479 (D.N.J. Mar. 27, 2007); *J&J Sports Prods., Inc. v. Perdomo*, No. 06-1374, 2007 WL 923522 (D.N.J. Mar. 26, 2007); and *Comcast Cable Commc'ns v. Adubato*, 367 F. Supp. 2d 684 (D.N.J. 2005), courts criticized the plaintiff's attorney for filing complaints under both § 605 and § 553 and attempting to obtain default judgments under both statutes when he did not have a factual basis for asserting claims under both statutes and could not recover damages under both statutes.  As discussed above, however, plaintiff has properly asserted alternative claims.  The concern noted in the other cases—that plaintiff would improperly receive damages under both § 605 and § 553—is not relevant here, where the court is deciding a motion to dismiss, not the damages that are available after a default judgment has been entered against absentee defendants.  Furthermore, plaintiff concedes that it will not be able to recover under both statutes.  (*See* Pl.'s Resp. 8 ("Plaintiff is mindful of [*TKR*] to the extent that Plaintiff's ultimate recovery is dependant on how the defendants pirated the Event; by satellite or by cable.").)

[4] Plaintiff seeks damages under § 553(c)(3)(B), which provides that "[i]n any case in which the court finds that the violation was committed willfully and for purposes of commercial

**B.**     **Count II:  47 U.S.C. § 605(e)(4) Claim**[5]

In Count II, plaintiff asserts a claim under 47 U.S.C. § 605(e)(4), which provides:

> Any person who manufactures, assembles, modifies, imports, exports, sells, or distributes any electronic, mechanical, or other device or equipment, knowing or having reason to know that the device or equipment is primarily of assistance in the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other activity prohibited by subsection (a) of this section, shall be fined not more than $500,000 for each violation, or imprisoned for not more than 5 years for each violation, or both.

Plaintiff seeks damages under § 605(e)(III)(C)(i)(II), which provides that "the party aggrieved

may recover an award of statutory damages . . . for each violation of paragraph (4) of this

subsection . . . in a sum not less than $ 10,000, or more than $ 100,000, as the court considers

advantage or private financial gain, the court in its discretion may increase the award of damages, whether actual or statutory under subparagraph (A), by an amount of not more than $50,000." Defendants assert that plaintiff cannot recover under § 553(c)(3)(B) because it has not alleged facts to demonstrate that defendants violated § 553 for purposes of commercial advantage or private financial gain.  However, plaintiff clearly alleges that defendants exhibited the fight in their place of business for commercial advantage or private gain.  (*See* Am. Compl. ¶ 34.)  Aside from this general allegation, there are enough facts in the Amended Complaint for the court to infer that the alleged purpose of exhibiting the fight—a sporting event—at defendants' sports bar was for purposes of commercial advantage or private financial gain.

Plaintiff also seeks damages under § 605(e)(3)(C)(i)(II), which provides that "the party aggrieved may recover an award of statutory damages for each violation of subsection (a) of this section involved in the action in a sum of not less than $1,000 or more than $10,000, as the court considers just."  Defendants argue that plaintiff cannot recover damages under § 605 because it is not a "party aggrieved."  Under § 605(d)(6), "'any person aggrieved' shall include any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming, and, in the case of a violation of paragraph (4) of subsection (e) of this section, shall also include any person engaged in the lawful manufacture, distribution, or sale of equipment necessary to authorize or receive satellite cable programming." If plaintiff is able to prove that it had proprietary rights to the fight and that defendants illegally intercepted it by wire or radio (i.e., by satellite) as it alleges, plaintiff will qualify as a "party aggrieved" under § 605(e)(3)(C)(i)(II).

[5] As discussed above, § 605, and therefore § 605(e)(4), is applicable to this case only to the extent that the interception of plaintiff's signal occurred "prior to or not in connection with cable distribution."  *TKR*, 267 F.3d at 206-07.

just."  In line with the statute, plaintiff alleges that defendants "knowingly[] modified a device or utilized equipment, knowing or having reason to know that the device or equipment is used primarily in the assistance of the unauthorized decryption of satellite cable programming, or direct-to-home satellite services, or is intended for any other prohibited activity."  (Am. Compl. ¶ 28.)

Defendants argue that plaintiff's claim fails because there are no factual allegations in the Amended Complaint to demonstrate that they modified a device to descramble the fight without authorization.  Plaintiff asserts that it is "alleging that Defendants['] utilization of equipment meant for a residential place of dwelling within the confines of a commercial bar/restaurant establishment is a modification under the intent of 47 U.S.C. § 605(e)(4), as the Defendant[s are] receiving services they are not entitled to by virtue of their intentional acts in misdesignating themselves as a residence when they knowingly used such equipment within a commercial establishment."  (Pl.'s Resp. 18.)

Plaintiff provides nothing to support its position that defendants can be liable under § 605(e)(4) because moving a device from one location to another constitutes modification.  Courts addressing claims that defendants are liable under § 605(e)(4) because they modified a device have addressed modification  in terms of actually implementing a change to the device itself, not moving the device from one location to another.  *See, e.g.*, *DIRECTV, Inc. v. Hoa Huynh*, 503 F.3d 847, 853-54 (9th Cir. 2007) (addressing whether programming and reprogramming DIRECTV access cards constitutes modification in violation of § 605(e)(4)); *DIRECTV, Inc. v. Robson*, 420 F.3d 532, 545 (5th Cir. 2005) (noting that issue regarding modification is "whether the alleged use of an unlooper to alter a [DIRECTV] access card" to allow the device to illegally

9

decrypt the satellite signal constitutes prohibited modification under the statute and remanding to the district court for consideration of this).  The definition of "modify" also supports the reasoning that § 605(e)(4) applies to an actual altering of the device.  To modify something is to "to make minor changes in the form or structure of," "alter without transforming," or "to change the form or properties of for a definite purpose."  *Webster's Third New Int'l Dictionary* 1452 (3d ed. 1981).  Accordingly, plaintiff's claim of moving a device from one location to another is not a modification of the device and, therefore, is not a prohibited act under § 605(e)(4).  Because plaintiff's theory of liability is not recognized by § 605(e)(4), plaintiff has failed to state a cognizable claim under this provision.[6]

Defendants assert that that this claim should be dismissed with prejudice because plaintiff could not allege a § 605(e)(4) claim under any circumstances because the provision only applies to upstream users such as manufacturers and does not apply to end users.  Neither the Supreme Court nor the Third Circuit has addressed whether § 605(e)(4) applies only to parties such as manufacturers and sellers or whether it can also apply to individual end users.[7]  The fact that §

---

[6] The use of the verbs "manufactures, assembles, modifies, imports, exports, sells, or distributes" as the actions that can render a person liable under § 605(e)(4) demonstrates that merely using a device does not suffice under this provision.  Accordingly, plaintiff's argument that "a plain reading of the statute requires only that 'a person' needs to *utilize* a modified device or *utilize* equipment to be liable" (*see* Pl.'s Resp. 20 (emphasis added)), is not persuasive.

[7] District courts within this circuit have applied § 605(e)(4) differently.  *Compare, e.g.*, *DIRECTV, Inc. v. Albright*, No. 03-4603, 2003 WL 22956416, at *2 (E.D. Pa. Dec. 9, 2003) (stating that a "reasonable reading of th[e] provision demonstrates that § 605(e)(4) targets upstream manufacturers and distributors, not the ultimate consumer of pirating devices"), *with, e.g.*, *DIRECTV, Inc. v. Crumlish*, No. 03-3265, 2004 WL 1614872, at *2 (E.D. Pa. July 16, 2004) (determining that an individual end user violated § 605(e)(4)).  Courts of appeals that have addressed this issue have also reached differing conclusions.  *Compare Hoa Huynh*, 503 F.3d at 854-55 (concluding that reading § 605 in its entirety demonstrates that § 605(e)(4) does not apply to end users because if it did, it would "collapse" the distinction between § 605(a) and §

605(e)(4) expressly provides that "any person" can be liable establishes that the provision can in fact apply to individuals who are not upstream manufacturers and distributors.  As discussed above, however, the "any person" that can be liable under § 605(e)(4) must have actually engaged in one of the prohibited activities listed by the statute and cannot be liable for merely using a device to intercept a satellite signal because "using" a device is not listed as a prohibited activity.  In sum, § 605(e)(4) could, therefore, apply to defendants if they engaged in one of the prohibited activities.

Defendants' motion to dismiss Count II will be granted because plaintiff has not alleged that defendants engaged in any activity prohibited by § 605(e)(4).  Count II will be dismissed without prejudice, and plaintiff may file an amended complaint on Count II, if plaintiff has sufficient facts to assert such a claim and can do so within the confines of Federal Rule of Civil Procedure 11.

## IV.    Conclusion

Plaintiff has sufficiently alleged claims under 47 U.S.C. §§ 605(a) and 553.  Although plaintiff could only recover under one of the statutes depending on whether the interception was of a satellite signal or a cable signal, plaintiff is entitled to discovery to determine which, if either, statute is applicable here.  Defendants' motion to dismiss Counts I and III will therefore be denied.  Plaintiff has not, however, properly alleged a claim under § 605(e)(4) because plaintiff has not alleged that defendants took any of the actions proscribed by § 605(e)(4).  Defendants'

---

605(e)(4)), *with Robson*, 420 F.3d at 543-44 (rejecting view that § 605(e)(4) does not apply to individual end users because "[n]othing on the face of § 605(e)(4) suggests such a limitation" and because the statute begins with the provision "that '[a]ny person' who engages in the prohibited activities is liable").

motion to dismiss Count II will be granted accordingly.  Plaintiff will have twenty days from the date of the Order accompanying this Memorandum to file an amended complaint that properly asserts a claim under § 605(e)(4), if plaintiff so chooses.

An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| J&J SPORTS PRODUCTIONS, INC., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-3850 |
| | : | |
| 4326 KURZ, LTD., d/b/a PITCHERS PUB, | : | |
| a/k/a PITCHER'S PUB et al., | : | |
| Defendants. | : | |
| | : | |

## Order

AND NOW on this _____ day of October 2008, upon careful consideration of defendants' motion to dismiss plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (Doc. No. 16), plaintiff's response, and defendants' reply thereto, IT IS HEREBY ORDERED that:

1.   Defendants' motion to dismiss Count I and Count III is DENIED.

2.   Defendants' motion to dismiss Count II is GRANTED.  Count II is dismissed without prejudice, and plaintiff is granted leave to file a second amended complaint on Count II, if it can do so within the requirements of Federal Rule of Civil Procedure 11.  Plaintiff will have 20 days from the date of this Order to file an amended complaint.

s/William H. Yohn Jr.
William H. Yohn Jr., Judge