IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. | |
| Plaintiff, | |
| v. | |
| DONNA BARBARA | Civil Action No. 07-cv-03850(WY) |
| and | |
| 4326 KURZ, LTD. a/k/a d/b/a PITCHER'S PUB | |
| And | |
| JEFF KURZ | |
| And | |
| MELISSA KURZ | |
| Defendants. | |

### DEFENNDANTS, 4326 KURZ, LTD. a/k/a d/b/a PITCHER'S PUB, JEFF KURZ AND MELISSA KURZ' ANSWER TO PLAINTIFF'S AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES.

Defendants, 4326 Kurz, Ltd. a/k/a d/b/a Pitcher's Pub, Jeff Kurz and Melissa Kurz, by and through his attorney, Jonathan J. Sobel, Esquire, answers the Amended Complaint of J & J Sports Productions, as follows:

### JURISDICTION AND VENUE

1. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

1

2. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

3. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

4. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

### THE PARTIES

5. Neither admitted nor denied. Defendants' are without sufficient information to either admit or deny the allegations contained in this averment.

6. Neither admitted nor denied. Defendants' are without sufficient information to either admit or deny the allegations contained in this averment. By way of further response, it is believed and averred that Donna Barbara has been dismissed as a party defendant.

7. Admitted.

8. Admitted.

9. Admitted in part, denied in part. By way of further response, Defendants, Jeff Kurz and Melissa Kurz are believed to be principals of 4326 Kurz, Ltd. d/b/a Pitcher's Pub a/k/a Pitcher's Pub. It is denied that putative defendant, Donna Barbara is a principal. Strict proofs will be demanded at the time of trial.

10. Denied. By way of further response, Defendant, Jeff Kurz was the only individual with supervisory capacity and any time as referenced by plaintiff's complaint.

11. Denied. By way of further response, after reasonable investigation, Answering Defendant is unable to form a belief as to the averment contained in this paragraph. Accordingly, it is denied. Strict proof is demanded at time of trial.

12. Admitted in part. Defendant, 4326 Kurz, Ltd. is a corporation, organized and existing, under and by virtue of the laws of the Commonwealth of Pennsylvania with its principal place of business located a 4326 Main Street, Philadelphia, PA 19127.

13. Admitted. See response # 12.

14. Denied. See response # 12.

15. Denied. See response # 12.

## COUNT I

16. Defendants' hereby incorporate by reference all of the allegations contained in paragraphs "1" through "15" inclusive, as though set forth at length herein.

17. Neither admitted nor denied. Defendants' are without sufficient information to either admit or deny the allegations contained in this averment.

18. Neither admitted nor denied. Defendants' are without sufficient information to either admit or deny the allegations contained in this averment.

19. Neither admitted nor denied. Defendants' are without sufficient information to either admit or deny the allegations contained in this averment.

20. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

21. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

22. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

23. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

24. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

25. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

26. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

## COUNT II

27. – 32. Count II of Plaintiff's Complaint has been dismissed pursuant to the Order and Opinion of the Honorable William Yohn, U.S.D.J., dated October 17, 2008 and no Second Amended Complaint has been filed.

## COUNT III

33. Defendants' hereby incorporate by reference all of the allegations contained in paragraphs "1" through "32" inclusive, as though set forth at length herein.

34. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

35. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

36. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

37. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

38. Denied. By way of further response, this allegation is a conclusion of law to which no response is required. Strict proofs will be demanded at the time of trial

## PRAYER

**WHEREFORE**, Answering Defendants pray that this court enter judgment in their favor and against Plaintiff, along with counsel fees and costs of suit.

## NOTICE OF AFFIRMATIVE DEFENSES

1. Plaintiff's claims are barred by doctrine of accord and satisfaction.

2. Plaintiff's claims are barred by because of a prior arbitration and award.

3. Plaintiff's claims are barred due to a discharge in bankruptcy.

4. Plaintiff's claims are barred by the doctrine of duress.

5. Plaintiff's claims are barred by the doctrine of estoppel.

6. Plaintiff's claims are barred due to a failure of consideration.

7. Plaintiff's claims are barred due to its own fraud.

8. Plaintiff's claims are barred due to the illegality of the claimed actions or methods involved in its complaint.

9. Plaintiffs' claim is void and/or voidable.

10. Plaintiffs' claim is barred by the Statute of Frauds.

11. Plaintiffs' claim is unenforceable since there was never a legal relationship or contract between the parties.

12. Plaintiffs' Complaint is barred as unconscionable.

13. Plaintiffs' Complaint is barred by its prior license to Defendant.

14. Plaintiff's Complaint fails to state a legally recognizable cause of action.

15. Defendant hereby reserves the right to add, supplement, modify, change or amend any and all of its Affirmative Defenses as the facts and circumstances become known through further discovery and/or investigation.

16. Defendant had a legitimate purpose and use for the devices at issue in Plaintiff's Complaint.

17. Plaintiff's Complaint fails to State a Claim for which Relief Can be Granted.

18. Defendant is not in possession of any devices alleged in Plaintiff's Complaint.

19. Defendant did not intercept, receive, exhibit or otherwise assist in the unauthorized reception, interception or exhibition of Satellite Television transmitted by Plaintiff.

20. Plaintiff is not a person aggrieved pursuant to 47 U.S.C. §605(a).

21. Plaintiff is not entitled to damages as alleged in Plaintiff's Complaint.

22. Plaintiff is not entitled to pre-judgment interest on any of the claims in Plaintiff's Complaint.

23. Plaintiff is required to prove actual damages suffered as a result of Defendant's alleged conduct.

24. Defendant did not possess, manufacture and/or assemble any device.

25. Plaintiff is not a person whose electronic communications have been intercepted, disclosed and/or intentionally used.

26. Defendant did not manufacture, assemble or modify any devices to assist in the unauthorized decryption of Satellite Programming, etc.

27. Plaintiff's Complaint is barred by the Statute of Limitations.

**WHEREFORE**, Answering Defendants pray that this court enter judgment in their favor and against Plaintiff, along with counsel fees and costs of suit.

**LAW OFFICES OF JONATHAN J. SOBEL**

s/JONATHAN J. SOBEL, ESQUIRE
Attorney for Defendants
I.D. # 76428
1420 Walnut Street, Suite 1420
Philadelphia, PA  19102
(215) 735-7535
Mate89@aol.com

Date: November 10, 2008

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.<br><br>    Plaintiff,<br><br>v.<br><br>DONNA BARBARA<br><br>    and<br><br>4326 KURZ, LTD.<br>a/k/a d/b/a PITCHER'S PUB<br>    And<br><br>JEFF KURZ<br><br>    And<br><br>MELISSA KURZ<br><br>    Defendants. | Civil Action No.  07-cv-03850(WY) |

## CERTIFICATE OF SERVICE

I, **JONATHAN J. SOBEL, ESQUIRE**, attorney for Defendants, hereby certify as follows:

1. I am an attorney at law in the Commonwealth of Pennsylvania, and counsel with the Law Offices of Jonathan J. Sobel, attorney for Defendants, 4326 Kurz, Ltd a/k/a d/b/a Pitcher's Pub, Jeff Kurz and Melissa Kurz, in the above captioned matter.

2. On the date indicated below, I caused an original of Defendants' Answer to Plaintiff's Amended Complaint and Affirmative Defenses, along with this Certification of Filing and of Service to be electronically filed with the Clerk, United States District Court for the Eastern District of Pennsylvania.

3. Also, on the date indicated below, I caused a courtesy copy of the aforementioned documents to be served, via the Court's electronic filing system, on:

> Wayne D. Lonstein, Esquire
> **LONSTEIN LAW OFFICE, P.C.**
> Attorneys for Plaintiff
> 1 Terrace Hill
> P.O. Box 351
> Ellenville, NY  12428

via electronic filing and First Class Mail.

4. I certify that the foregoing statements made by me are true. I am aware t that if any of the statement made by me are willfully false, I am subject to punishment.

**LAW OFFICES OF JONATHAN J. SOBEL**

<u>s/JONATHAN J. SOBEL, ESQUIRE</u>
Attorney for Defendants
I.D. #  76428
1420 Walnut Street, Suite 1420
Philadelphia, PA   19102
(215) 735-7535
Mate89@aol.com

Date:   November 10, 2008